# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING, :

        Plaintiff,

        -vs-

STATE OF OHIO,

        Defendant. :

Case No. 3:12-cv-300

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's motion entitled Notice of Constitutional Challenge (Doc. No. 7), Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 8), and Plaintiff's Response in Opposition (Doc. No. 10).[1]

In his Complaint and again in his Notice of Constitutional Challenge, Plaintiff asserts that the Ohio vexatious litigant statute, Ohio Revised Code § 2323.52, is unconstitutional in that it violates the Due Process Clauses of the Fifth and Fourteenth Amendments, the Supremacy Clause in that it conflicts with 42 U.S.C. § 1985, and the Tenth Amendment (Complaint, Doc. No. 2). As relief, Plaintiff demands a judgment "requiring the immediate repeal of Ohio statute 2323.52 and the revocation of all order[s] pursuant to 2323.52 of the Ohio Revised Code." *Id.* at PageID 41. Mr. Easterling incorporates by reference, among other things, a copy of an Order of the Greene County Common Pleas Court declaring Plaintiff to be a vexatious litigator subject to the reference statute. *Id.* at PageID 45-47.

---

[1] Plaintiff has also filed a Motion for Injunctive Relief (Doc. No. 11) to which Defendant has not yet responded.

1

Defendant State of Ohio moves for dismissal under Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction by virtue of the Eleventh Amendment or that it should refrain from exercising jurisdiction under the *Rooker-Feldman* doctrine (Motion, Doc. No. 8).

Plaintiff first responds by accusing the State of "play[ing] court" by filing the Motion instead of responding directly to the allegations he makes in the Complaint (Response, Doc. No. 10, PageID 87). However, the question whether this Court has jurisdiction to consider the Complaint is a serious one which requires the attention of every federal court at the outset of any litigation. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Answers in Genesis of Ky, Inc. v. Creations Ministries Int'l, Ltd.,* 556 F. 3d, 459, 465 (6th Cir. 2009); *Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981); *Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff first asserts that this Court has subject matter jurisdiction because the Complaint presents a federal question: is Ohio Revised Code § 2323.52 unconstitutional? As Plaintiff notes, 28 U.S.C. § 1331 gives the district courts jurisdiction over cases which arise under federal law and a claim that a state statute violates the United States Constitution certainly fits that description.

However, the existence of a federal question does not overcome the Eleventh Amendment bar. That Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 U.S. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).

Plaintiff next argues that Ohio's sovereign immunity has been abrogated by Congress. While Congress has the power to abrogate sovereign immunity under Section 5 of the Fourteenth Amendment, it can only do so by unequivocal statement and the abrogation must bear a reasonable relationship to enforcement of the Fourteenth Amendment. *Green v. Mansour*, 474 U.S. 64 (1985); *Blatchford v. Native Village of Noatak,* 501 U.S. 775 (1991). Congress has not abrogated state sovereign immunity in suits to enforce personal constitutional rights under 42 U.S.C. 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990), citing *Quern v. Jordan,* 440 U.S. at 341. Plaintiff points to no language in any Congressional enactment which purports to abrogate state immunity under the Eleventh

Amendment for claims of the sort Plaintiff raises.

Defendant's claim of Eleventh Amendment immunity is well taken and the Complaint herein should be dismissed without prejudice for lack of subject matter jurisdiction.

It also appears that Defendant's position as to the *Rooker-Feldman* doctrine is well taken. When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine does not bar jurisdiction when the plaintiff's claim is merely "a general challenge of the state law applied in the state action," rather than a challenge to the law's application in a particular state case." *Pieper v. American Arbitration Assn., Inc*., 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir. 2002), *cert. denied,* 123 S. Ct. 887 (2003); *see also Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003). While Plaintiff here makes a general challenge to Ohio Revised Code § 2323.52, he also seeks injunctive relief to prohibit the state courts from enforcing on him a judgment rendered in the Greene County Common Pleas Court. *Rooker-Feldman* forbids this Court from entertaining a demand for relief which would directly enjoin a state court judgment. To put it another way, the asserted unconstitutionality of Ohio Revised Code § 2323.52 as applied to Plaintiff must be raised by him on appeal through the state court system.

## Conclusion

It is therefore respectfully recommended that the Complaint herein be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's Notice of Constitutional Challenge, construed as motion and his Motion for Injunctive Relief (Doc. No. 11) should be denied as moot.

November 14, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).