# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,  :

        Plaintiff,

        -vs-

STATE OF OHIO,

        Defendant.  :

Case No. 3:12-cv-300

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON REQUEST FOR RELIEF FROM JUDGMENT

This case is before the Court on Plaintiff's Non-Receipt of Magistrate's Report and Recommendations and Request to File Objections (Doc. No. 15).

The docket in this case shows that the Magistrate Judge filed the Report and Recommendations (Doc. No. 12) on November 14, 2012, and the docket clerk noted on the docket that a copy had been mailed to Plaintiff at his address of record; docketing the mailing of paper copies of court orders to *pro se* litigants is standard practice in this Court.  Furthermore, the docket does not show that the Report and Recommendations has been returned by the Postal Service as nondeliverable, another fact which as a matter of standard practice would have been docketed had it occurred.

Nevertheless, on Monday, December 10, 2012, at 1:30 p.m., having received the Order Adopting Report and Recommendations (Doc. No. 13) and the final judgment (Doc. No. 14), Plaintiff called the Court to complain that he had not received the Report and Recommendations.

He was told by law clerk Patricia Zimmer that he should file a motion for relief from judgment. Exactly twenty-four hours later Plaintiff filed his Notice of Non-Receipt, accompanied by an eight-page proposed Objections (Doc. No. 15, attachment 1).

If, as he represented, Mr. Easterling did not have the Report and Recommendations on December 10, 2012, it is puzzling to the Court where he thereafter obtained a copy in time to draft an 8-page set of Objections by the next day. Rather than trying to determine whether Mr. Easterling in fact had a copy of the R&R on December 10 when he said he did not, the Magistrate Judge will treat his filing as a motion for relief from judgment and consider the arguments made in his proposed Objections in that way.

Fed. R. Civ. P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. §1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills or review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Plaintiff's motion is timely and it certainly would not be equitable for the judgment to have continuing operation if it precluded Plaintiff from having the merits of his case considered, if in fact they were meritorious. Plaintiff's situation is analogous to that of a defendant who has suffered a default judgment: leading commentators suggest a default judgment should be set aside in such a case if the defendant has a meritorious defense. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2857 at 258.

The State of Ohio, the sole Defendant in this action, moved to dismiss on the basis of sovereign immunity as particularly enacted in the Eleventh Amendment and, alternatively, based on the *Rooker-Feldman* doctrine. The Report and Recommendations found both bases for dismissal to be well taken. Plaintiff raises four Objections.

First of all, Plaintiff says the State of Ohio is obliged by the Supremacy Clause to obey the United States Constitution. Plaintiff says the Ohio vexatious litigator statute violates Section One of the Fourteenth Amendment and Section Five of the Amendment gives Congress the power to enforce Section One. The Magistrate Judge agrees that all of this is a correct statement of the law. However, as noted in the Report and Recommendations, Congress has never used its § 5 enforcement power to abrogate the States' Eleventh Amendment immunity for general due process or equal protection claims. The point is not whether Ohio must obey the Fourteenth Amendment. Rather, the question is whether this Court has jurisdiction to order the State of Ohio to obey the Fourteenth Amendment as Plaintiff interprets it. When, as here, the action is brought directly against the State as a named party, the answer is no. Compare *Ex parte Young*, 209 U.S. 123 (1908); *Cory v. White*, 457 U.S. 85 (1982); *Thomson v. Harmony*, 65 F.3d 1314, 1320 (6th Cir. 1995).

Plaintiff's second objection is to the *Rooker-Feldman* analysis. The Report noted that,

3

while Plaintiff challenges Ohio's vexatious litigation statute generally, he also seeks individual relief from a judgment entered against him in the Greene County Common Pleas Court.  The Report concluded

> *Rooker-Feldman* forbids this Court from entertaining a demand for relief which would directly enjoin a state court judgment.  To put it another way, the asserted unconstitutionality of Ohio Revised Code § 2323.52 as applied to Plaintiff must be raised by him on appeal through the state court system.

(Report and Recommendations, Doc. No. 12, PageID 106).

Plaintiff objects

> The State court is a law breaker in that it crafted an unconstitutional statute aimed at stealing away the plaintiffs due process. The plaintiff is powerless to ask a lawbreaker to stop breaking the law except to request injunctive relief from a federal court to restore the due process stolen by the state court with a state statute.  A state court judge has denied the plaintiff due process in a multitude of cases based on Ohio statute 2323.52 (see 2012 MS-8) and has made the plaintiff beg for his right to appeal the trial courts judgment declaring him a vexatious litigator, where the right to appeal is an extension of due process as granted in the 5th and 14th amendments.  The plaintiff has notified Ohio Supreme Court and the appeals court of this statute being unconstitutional telling them upon notification, the statute should be struck down by the state immediately. These notices have gone unrecognized.  A confident law breaker who crafted an unconstitutional law will never police itself.

(Proposed Objections, Attachment 1 to Doc. No. 15.)  Of course, it is the Ohio General Assembly which adopted the statute of which Plaintiff complains.  When a state legislature adopts an unconstitutional statute, state judges are bound by their oath of office to support the United States Constitution and not enforce unconstitutional statutes.  When state judges refuse to do their duty in this regard, a litigant has a right to review of the final state court decision by writ of certiorari from the United States Supreme Court.  But to get to that court, they must appeal

4

through the state court system. That is the whole point of the *Rooker-Feldman* doctrine.

Plaintiff's third objection is that *Rooker-Feldman* is inapplicable because he "does not challenge a 'law's application in a particular case.'" (Proposed Objections, Attachment to Doc. No. 15, PageID 114.) That is simply not correct. The Complaint as filed asks this Court to enjoin enforcement of a judgment declaring Plaintiff to be a vexatious litigator (Complaint, Doc. No. 2, PageID 41, demanding "the revocation of all order [sic] pursuant to 2323.52 of the Ohio Revised Code.") Plaintiff then attaches and incorporates by reference an Order of the Greene County Common Pleas Court declaring Plaintiff to be a vexatious litigator under the statute. Plaintiff's fourth objection lists nine filed cases and three unfiled cases of his in which the statue, as applied to him by the Greene County Common Pleas Court, is preventing him from proceeding. Plaintiff admits that "[t]he request to repeal the statue due to its unconstitutionality is due to its affecting the plaintiff [sic] rights of due process in regard to all of the above mentioned actions" as well as future actions. (Proposed Objections, Attachment to Doc. No. 15, PageID 116.) Because there are many cases, Plaintiff says this action is not about a particular case. *Id.* On the contrary, Plaintiff's status as a vexatious litigator was declared in the Order attached to his Complaint in *Easterling v. Union Savings Bank*, Case No. 2010 CV 1267. It is the future enforcement of that Order which he seeks to enjoin. *Rooker-Feldman* is directly applicable.

**Conclusion**

If the judgment were reopened and Plaintiff were permitted to formally file his Objections, they would be without merit, as shown in the above analysis. Therefore it is

5

respectfully recommended that Plaintiff's Notice of Non-Receipt, construed as a motion for relief from judgment, be denied.

December 12, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).